No. 24-10557

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————

Amy Arzamendi, on behalf of herself and a class of similarly situated individuals;
Michael C. Orloff, on behalf of himself and a class of similarly situated individuals;
Brooke Stadler, on behalf of herself and a class of similarly situated individuals,

Plaintiffs-Appellants,

v.

Lloyd J. Austin, III, Secretary, U.S. Department of Defense, in both his individual and
official capacity; Kathleen H. Hicks, Deputy Secretary of Defense, in both her
individual and official capacity; Gilbert R. Cisneros, Jr., Vice Admiral, Under Secretary
of Defense, in both his individual and official capacity; The Department of Defense,

Defendants-Appellees.

————————————

On Appeal from the United States District Court
for the Northern District of Texas

————————————

## BRIEF FOR APPELLEES

————————————

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney*
*General*

LEIGHA SIMONTON
*United States Attorney*

CHARLES W. SCARBOROUGH
SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as defendants-appellees are all governmental parties. 5th Cir. R. 28.2.1.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not needed here because the issues are sufficiently straightforward. However, defendants-appellees stand ready to present argument if it would assist the Court.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES

STATEMENT OF JURISDICTION ............................................................................. 1

STATEMENT OF THE ISSUES ................................................................................ 1

STATEMENT OF THE CASE .................................................................................. 2

      A.    The Former COVID-19 Vaccination Requirement for Federal
           Employees ................................................................................................. 2

      B.    Plaintiffs' Challenge to the Former COVID-19 Vaccination
           Requirement for Federal Employees ........................................................ 3

SUMMARY OF ARGUMENT .................................................................................. 6

STANDARD OF REVIEW ....................................................................................... 7

ARGUMENT ........................................................................................................... 7

I.     Plaintiffs' claims for prospective relief are moot. ..................................... 7

II.    Plaintiffs' claims for damages fail............................................................. 8

      A.    *Bivens*.......................................................................................................... 8

      B.    RFRA ......................................................................................................... 8

      C.    Title VII and the Rehabilitation Act ........................................................ 13

CONCLUSION ....................................................................................................... 17

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Abrams Shell v. Shell Oil Co.,*
  343 F.3d 482 (5th Cir. 2003) ..................................................... 13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................. 16

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
  403 U.S. 388 (1971) ............................................................... 6, 8

*Cannon v. Jacobs Field Servs. N. Am., Inc.,*
  813 F.3d 586 (5th Cir. 2016) ..................................................... 14

*Davila v. Gladden,*
  777 F.3d 1198 (11th Cir. 2015) ................................................... 9

*Feds for Med. Freedom v. Biden,*
  581 F. Supp. 3d 826 (S.D. Tex. 2022), *vacated,*
  30 F.4th 503 (5th Cir.), *reh'g en banc granted, panel opinion vacated,*
  37 F.4th 1093 (5th Cir.), *aff'd on reh'g en banc,*
  63 F.4th 366 (5th Cir. 2023), *vacated as moot,* 144 S. Ct. 480 (2023) ......................... 2-3

*Hall v. Trochessett,*
  105 F.4th 335 (5th Cir. 2024) ..................................................... 12

*Hamilton v. Dallas County,*
  79 F.4th 494 (5th Cir. 2023) ....................................................... 14

*Morgan v. Swanson,*
  659 F.3d 359 (5th Cir. 2011) ..................................................... 12

*Shemwell v. City of McKinney,*
  63 F.4th 480 (5th Cir. 2023) ...................................................... 7

*Sossamon v. Texas,*
  563 U.S. 277 (2011) ................................................................. 9

*T.B. ex rel. Bell v. Northwest Indep. Sch. Dist.,*
  980 F.3d 1047 (5th Cir. 2020) ..................................................... 8

*Tanzin v. Tanvir,*
  592 U.S. 43 (2020) ................................................................ 9, 10

*Vincent v. City of Sulphur*,
  805 F.3d 543 (5th Cir. 2015) ......................................................................... 12

**Statutes:**

Administrative Procedure Act,
  5 U.S.C. §§ 701-706 ...................................................................................... 1

28 U.S.C. § 1291 ................................................................................................ 1

28 U.S.C. §§ 1331-1332 ................................................................................... 1

28 U.S.C. § 1343 ................................................................................................ 1

28 U.S.C. § 1346 ................................................................................................ 1

28 U.S.C. § 1361 ................................................................................................ 1

28 U.S.C. § 2201 ................................................................................................ 1

42 U.S.C. § 2000bb-1(c) .................................................................................. 9

42 U.S.C. § 2000e-5(f)(3) ........................................................................... 1, 13

**Regulations:**

*Requiring Coronavirus Disease 2019 Vaccination for Federal Employees*,
  Exec. Order No. 14,043, 86 Fed. Reg. 50,989 (Sept. 14, 2021) ................................. 2

*Moving Beyond COVID-19 Vaccination Requirements for Federal Workers*,
  Exec. Order No. 14,099, 88 Fed. Reg. 30,891 (May 15, 2023) ................................... 3

## STATEMENT OF JURISDICTION

Plaintiffs invoked the district court's jurisdiction under 5 U.S.C. §§ 701-706; 28 U.S.C. §§ 1331-1332, 1343, 1346, 1361, and 2201; 42 U.S.C. § 2000e-5(f)(3); the United States Constitution; and the district court's equitable powers. ROA.539. The district court dismissed plaintiffs' claims and entered judgment on April 16, 2024. ROA.929. Plaintiffs filed a timely notice of appeal on June 17, 2024. ROA.955. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Plaintiffs are three civilian employees of the United States Department of Defense who object to COVID-19 vaccines on religious grounds. All three plaintiffs sought religious exemptions from the COVID-19 vaccination requirement for federal employees while that requirement was in effect. Before their exemption requests were acted upon, however, the government paused enforcement of the requirement and, ultimately, rescinded it. Two of the plaintiffs also requested religious exemptions from some of the Department of Defense's other COVID-19 mitigation measures. Those requests were denied, and those requirements have since been rescinded as well.

The issues presented on appeal are:

1. Whether plaintiffs' claims for prospective relief are moot.

2. Whether plaintiffs' claims for damages should be dismissed.

## STATEMENT OF THE CASE

### A.    The Former COVID-19 Vaccination Requirement for Federal Employees

**1.** In September 2021, the President issued Executive Order 14,043, which required COVID-19 vaccination for federal employees, subject to any exemptions required by law. *See Requiring Coronavirus Disease 2019 Vaccination for Federal Employees*, Exec. Order No. 14,043, 86 Fed. Reg. 50,989 (Sept. 14, 2021). The Department of Defense implemented this requirement as to its civilian employees. ROA.551-52, 713. Employees could seek religious and medical exemptions, and employees with pending or approved exemptions were not subject to discipline for failing to comply with the vaccination requirement. ROA.553, 666, 719. All unvaccinated employees were required to comply with the Department of Defense's guidelines for unvaccinated individuals, including requirements related to masking, testing, distancing, and travel. ROA.664.[1]

**2.** In January 2022, a district court issued a nationwide preliminary injunction preventing the government from implementing or enforcing Executive Order 14,043. *See Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826, 836-37 (S.D. Tex. 2022), *vacated*, 30 F.4th 503 (5th Cir.), *reh'g en banc granted, panel opinion vacated*, 37 F.4th 1093 (5th Cir.)

---

[1] The Department of Defense instituted its own COVID-19 vaccination requirement for members of the military. ROA.551. That requirement, which has also been rescinded, did not apply to civilian employees and is not at issue in this case.

(per curiam), *aff'd on reh'g en banc*, 63 F.4th 366 (5th Cir. 2023), *vacated as moot*, 144 S. Ct. 480 (2023); *see also* ROA.560, 573.

In May 2023, while the preliminary injunction was still in effect, the President rescinded the federal employee vaccination requirement. *Moving Beyond COVID-19 Vaccination Requirements for Federal Workers*, Exec. Order No. 14,099, 88 Fed. Reg. 30,891 (May 15, 2023) (revoking Executive Order 14,043). The Department of Defense implemented this rescission. In addition, it stopped requiring any other COVID-19-specific safety measures. ROA.710-12. As of January 2023, the Department of Defense had already revised its COVID-19 safety protocols to end any requirements tied to an employee's vaccination status. ROA.689.

### B.    Plaintiffs' Challenge to the Former COVID-19 Vaccination Requirement for Federal Employees

**1.** Plaintiffs Amy Arzamendi, Michael Orloff, and Brooke Stadler are current and former civilian employees of the Department of Defense. Arzamendi works for the Defense Contract Audit Agency in Texas; Orloff works in the Army's Enterprise Information Systems in Virginia; and Stadler worked for the Department of Defense Education Activity in Germany. ROA.540, 542, 545. In November 2021, each requested a religious exemption from the COVID-19 vaccination requirement. ROA.541-42, 546. Those requests were still pending when the requirement was preliminarily enjoined less than three months later. *See* ROA.541, 543, 546.

Arzamendi and Stadler also requested religious exemptions from the Department of Defense's COVID-19 testing protocols for unvaccinated individuals, and Arzamendi requested a religious exemption from the masking and distancing protocols as well. ROA.541, 546. The Department of Defense denied these requests. ROA.541, 547. Stadler alleges that she was placed on administrative leave for failure to comply with the Department of Defense's COVID-19 testing protocols and that she resigned in response. ROA.547. Her last day at the Department of Defense was June 1, 2022. ROA.547.

**2.** In July 2023, plaintiffs filed suit against the Department of Defense and three of its senior leaders, on behalf of themselves and a putative class of "all civilian employees who worked for [the Department of Defense] during the pandemic who filed a religious exemption request to the vaccine and were denied." ROA.561 (amended complaint); *see also* ROA.12 (original complaint). Plaintiffs brought Title VII and Rehabilitation Act claims against Secretary of Defense Austin in his official capacity (ROA.569-81, 584-88); Religious Freedom Restoration Act (RFRA) claims against the Department of Defense and all three individual defendants in their official and individual capacities (ROA.581-84); and Fifth Amendment *Bivens* claims against the individual defendants in their individual capacities (ROA.587-88). Plaintiffs asked the court to "[h]old unlawful and set aside the Defendant's discriminatory COVID-19

vaccination and testing policies" and "[a]ward appropriate compensatory and punitive damages for injuries suffered." ROA.588.[2]

Defendants moved to dismiss plaintiffs' amended complaint in February 2024. ROA.590 (motion to dismiss individual-capacity claims); ROA.624 (motion to dismiss official-capacity claims). A month later, plaintiffs moved to certify a class. ROA.773. The district court stayed briefing on class certification while it considered the motions to dismiss. ROA.922.

**3.** The district court granted the motions to dismiss and entered judgment on April 16, 2024. ROA.923, 929. It held that plaintiffs' challenge to the COVID-19 vaccination requirement was moot because the requirement had been paused and then rescinded before it was ever enforced against plaintiffs. ROA.926. Plaintiffs' exemption requests "were never adjudicated, let alone denied." ROA.925-26. The district court thus dismissed plaintiffs' challenge to the vaccine requirement for lack of subject-matter jurisdiction. ROA.925, 928. The district court further held that, "[t]o the extent that Plaintiffs['] complaint raises claims—by passing reference—against the Department's masking and testing policies," plaintiffs had failed to state a claim. ROA.926-27 (emphasis omitted). Plaintiffs did not assert any standalone claims as to masking and

---

[2] In addition to the "Named Plaintiffs" (Arzamendi, Orloff, and Stadler), the complaint lists 24 other individuals as plaintiffs, describing each simply as an "employee or former employee of [the Department of Defense]." ROA.532, 536-38. The complaint does not contain any factual allegations about these individuals other than their names and their current or former employment with the Department of Defense.

testing requirements, nor did they "allege *how* masking and testing in and of themselves violated their fundamental religious beliefs." ROA.927. As a result, "those claims must also fail to the extent that they [were] raised." ROA.928.[3]

## SUMMARY OF ARGUMENT

**I.** Plaintiffs concede that their claims for prospective relief are moot. The district court rightly dismissed those claims.

**II.** Plaintiffs' damages claims also fail. As a result, the dismissal of those claims should be affirmed.

**A.** Plaintiffs abandoned their claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in district court and do not press them on appeal. Plaintiffs' *Bivens* claims were thus rightly dismissed.

**B.** Plaintiffs' RFRA damages claims were also rightly dismissed. To the extent plaintiffs bring these claims against defendants in their official capacities, those claims fail because RFRA does not waive the government's sovereign immunity for official-capacity damages claims. And plaintiffs' RFRA damages claims against defendants in their individual capacities fail as well. Damages do not constitute "appropriate relief" under RFRA where, as here, plaintiffs seek to hold defendants personally liable for nebulous alleged injuries arising indirectly from defendants' high-level, generally applicable policy pronouncements. Moreover, defendants are entitled to qualified

---

[3] Because the district court never certified a class, plaintiffs are proceeding only on behalf of themselves and not on behalf of similarly situated individuals.

immunity on these claims, as there is no basis on which a court could properly conclude that defendants' conduct violated clearly established rights.

**C.** Finally, plaintiffs' Title VII and Rehabilitation Act claims against the Secretary of Defense were rightly dismissed. Venue is not proper for plaintiffs Orloff and Stadler, who do not allege any connection to Texas. And all three plaintiffs fail to state Title VII and Rehabilitation Act claims because they have not alleged any form of employment-related harm arising from the vaccination requirement, much less harm arising from religious animus.

Finally, as the district court recognized, to the extent plaintiffs attempt to challenge the Department of Defense's use of other COVID-19 mitigation measures, such as masking or testing, those claims fail as well, as no plaintiff has sufficiently alleged a religious objection to any of those measures.

## STANDARD OF REVIEW

The district court's grant of a motion to dismiss is reviewed de novo. *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (per curiam).

## ARGUMENT

## I.  Plaintiffs' claims for prospective relief are moot.

Plaintiffs concede that their requests for prospective relief are moot. Br. 6; ROA.743 (noting that "plaintiffs are no longer pursuing prospective relief given the repeal of the mandate" (capitalization omitted)). Prospective relief would not benefit plaintiffs. The challenged vaccination requirement has been rescinded—indeed, had

been rescinded before plaintiffs even filed suit. *Supra* p. 4. And to the extent that plaintiffs challenge any of the Department of Defense's other COVID-19-specific mitigation measures, those have been rescinded as well. ROA.689, 710-12; *supra* p. 3. The district court's dismissal of plaintiffs' claims for prospective relief should therefore be affirmed.

## II.    Plaintiffs' claims for damages fail.

This Court may "affirm the district court's judgment on any grounds supported by the record." *T.B. ex rel. Bell v. Northwest Indep. Sch. Dist.*, 980 F.3d 1047, 1050 n.2 (5th Cir. 2020) (quotation marks omitted). The district court's dismissal of plaintiffs' damages claims should be affirmed on a variety of grounds.

### A.    *Bivens*

Plaintiffs brought Fifth Amendment claims against defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ROA.587-88. Plaintiffs withdrew those claims in district court and do not attempt to revive them on appeal. ROA.771; Br. 5. As a result, this Court should affirm the dismissal of plaintiffs' *Bivens* claims.

### B.    RFRA

**1.** To the extent that plaintiffs bring RFRA damages claims against the defendants in their official capacities or against the Department of Defense, this Court should affirm the dismissal of those claims. RFRA does not waive the government's sovereign immunity for—and therefore does not authorize—damages claims against

government officials in their official capacity. *See Tanzin v. Tanvir*, 592 U.S. 43, 45 (2020) (holding that "appropriate relief" under RFRA can include damages claims "against Government officials in their individual capacities"); *Sossamon v. Texas*, 563 U.S. 277, 286 (2011) (holding that states' acceptance of federal funding did not waive sovereign immunity for damages claims under the Religious Land Use and Institutionalized Persons Act of 2000, which also authorizes "appropriate relief"); *see also Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) ("RFRA does not . . . authorize suits for money damages against officers in their official capacities."). Plaintiffs present no argument to the contrary. *See* Br. 5 ("The individual-capacity claims were for money damages."). Any RFRA damages claims against defendants in their official capacities should therefore be dismissed.

**2.** The Court should also affirm the dismissal of plaintiffs' RFRA damages claims against the defendants in their individual capacities. As the government explained in district court, damages are not "appropriate" under RFRA in this case. And even if they were, defendants are entitled to qualified immunity.

**a.** RFRA only authorizes "appropriate relief." 42 U.S.C. § 2000bb-1(c). "[W]hat relief is 'appropriate' is 'inherently context dependent.'" *Tanzin*, 592 U.S. at 49 (quoting *Sossamon*, 563 U.S. at 286). Although damages were appropriate in *Tanzin*, they are not appropriate here, where even plaintiffs concede that their purported damages are "less tangible" than those in *Tanzin*. ROA.770.

In *Tanzin*, three individual plaintiffs alleged that certain Federal Bureau of Investigation agents placed them on the No Fly List in retaliation for their refusal to inform against their religious communities. 592 U.S. at 46. The plaintiffs sought money damages from the agents in their individual capacities as compensation for money spent on unusable airline tickets and income from lost job opportunities. *Id.* Damages were an appropriate form of relief because the defendants had personally and directly injured the plaintiffs, who had incurred discrete, measurable damages. Here, by contrast, defendants have not personally and directly injured plaintiffs, nor have plaintiffs alleged any discrete, measurable damages.

The connection between defendants' alleged actions and plaintiffs' alleged injuries is attenuated at best. Plaintiffs do not allege that defendants played any role in the fact that their exemption requests were pending for a period of time before the vaccination requirement was enjoined. Nor do plaintiffs allege that defendants would have played any role in deciding whether or not to grant those requests if the requirement had remained in effect. Plaintiffs allege only that Secretary Austin directed military service members to be vaccinated (a requirement that does not apply to plaintiffs as civilians) (ROA.432), that Deputy Secretary Hicks "officially rolled out President Biden's vaccine mandate to leadership of all civilian employees" (ROA.432), and that Under Secretary Cisneros issued two guidance documents relating to COVID-19 mitigation measures for civilian personnel (ROA.431, 433-34). It would not be

"appropriate relief" under RFRA to hold defendants personally liable for damages arising indirectly from high-level, generally applicable policy pronouncements.

The nebulous nature of plaintiffs' asserted injuries renders their damages claims inappropriate as well. Plaintiffs allege that they suffered fear and anxiety from wondering if their exemption requests would be denied and from the very existence of the Department of Defense's generally applicable COVID-19 mitigation policies. ROA.422-29. Of course, plaintiffs' exemption requests never were denied—the challenged vaccination requirement was enjoined less than three months after plaintiffs submitted those requests and that requirement was never revived. Plaintiffs never faced the choice between receiving the vaccine or suffering any punishment. Instead, their RFRA claim is based solely on a generalized, policy-based disagreement with the federal-employee COVID-19 vaccination requirement and the way in which that requirement was implemented at the Department of Defense. Because plaintiffs have not and cannot identify any concrete injury arising from that disagreement, their individual-capacity damages claims under RFRA are not appropriate and should be dismissed.

**b.** In any event, the individual defendants are also entitled to qualified immunity on plaintiffs' RFRA damages claims. Plaintiffs made only a conclusory attempt to dispute the application of qualified immunity in district court and have therefore forfeited any argument to that effect. ROA.771 (stating only that "Plaintiffs allege that Defendants violated rights afforded to them under Title VII of the Civil Rights Act, the

Rehabilitation Act, and the Religious Freedom Restoration Act. These rights are clearly established at the time that the officials committed the offense.").

Although the district court did not reach the question of qualified immunity, that doctrine plainly protects defendants here. Government officials are entitled to qualified immunity unless they violated a clearly established statutory or constitutional right. *Hall v. Trochessett*, 105 F.4th 335, 342 (5th Cir. 2024). The protection of qualified immunity is only withdrawn where "the law so clearly and unambiguously prohibited [the official's] conduct that *every* reasonable official would understand that what he is doing violates [the law]." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) (alterations in original) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). Defendants' high-level policy pronouncements—many steps removed from plaintiffs and their purported injuries—cannot be said to have violated any of plaintiffs' clearly established rights. Plaintiffs have never alleged that defendants were personally involved in adjudicating their exemption requests or that defendants were motivated by any religious animus. At most, plaintiffs have alleged that defendants instituted the federal-employee vaccination requirement at the Department of Defense, as the President's executive order required, and put in place other COVID-19 mitigation measures to respond to the global pandemic. There is no basis on which a court could properly conclude that such conduct violated plaintiffs' clearly established rights.

## C.    Title VII and the Rehabilitation Act

Plaintiffs also asserted Title VII and Rehabilitation Act damages claims against the Secretary of Defense in his official capacity. The Court should affirm dismissal of those claims as well.

**1.** First, venue is not proper as to plaintiffs Orloff and Stadler. All named plaintiffs in a putative class action must satisfy the venue requirement. *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003). For Title VII and Rehabilitation Act claims, venue is proper in the state where "the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered," "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," or, failing one of those, where "the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). The complaint does not allege that Orloff and Stadler have any connection whatsoever to Texas: Orloff works in Virginia and Stadler worked in Germany. ROA.542, 545. And plaintiffs did not attempt to argue otherwise in district court, relying only on Arzamendi's connection to Texas to support venue. *See* ROA.744-46. The dismissal of Orloff and Stadler's Title VII and Rehabilitation Act claims should therefore be affirmed for lack of venue.

**2.** In addition, all three plaintiffs have failed to state any cognizable Title VII or Rehabilitation Act claims. Most fundamentally, plaintiffs have not alleged any form of employment-related harm arising from the vaccination requirement, much less harm

arising from religious animus. *See, e.g.*, *Hamilton v. Dallas County*, 79 F.4th 494, 502-03 (5th Cir. 2023) (discussing requirement to show adverse employment action for disparate-treatment claims); *see also Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (same for claims under the Americans with Disabilities Act, which have the same elements as Rehabilitation Act claims). Indeed, the district court recognized as much when it observed, in the context of its mootness analysis, that "Plaintiffs must allege some material employment-or-other-related injury which directly resulted from the enforcement of the *vaccine* mandate" but that "these Plaintiffs can allege no such injury because the policy was never enforced against them." ROA.926.

Plaintiffs state that they suffered fear and anxiety from wondering if their requests for religious exemptions from the vaccination requirement would be denied—in other words, from wondering if the vaccination requirement would be enforced against them. Br. 10-11, 14; ROA.422-29. But this uncertainty is not an employment harm. Contrary to plaintiffs' suggestion, the alleged delay in adjudicating those requests did not "amount to a denial." Br. 13. If anything, it amounted to a grant, as plaintiffs were not required to comply with the vaccination requirement while their exemption requests were pending. The terms of plaintiffs' employment remained unchanged while they waited for a decision.

The fact that plaintiffs had to comply with other COVID-19 mitigation policies that applied to all unvaccinated Department of Defense employees, regardless of their reason for declining the vaccine, also does not constitute a cognizable employment

harm. *See* Br. 11-13. These limitations were not imposed on plaintiffs out of any religious animus but to limit the spread of COVID-19 and promote the efficient operation of the Department of Defense—as evidenced by the fact that they applied to all unvaccinated individuals, not just those who objected to the vaccine on religious grounds. *E.g.*, ROA.661, 664. Plaintiffs' attempt to fit their generalized dissatisfaction with the Department of Defense's COVID-19 mitigation policies into an employment discrimination suit should be rejected.

**3.** The district court rightly recognized that, to the extent plaintiffs attempt to challenge any of the Department of Defense's other COVID-19 mitigation policies, those claims fail.

In responding to the COVID-19 pandemic, the Department of Defense imposed a variety of mitigation measures apart from vaccination, including masking, testing, and distancing. ROA.664. Plaintiffs have not asserted any standalone challenges to these mitigation measures. ROA.569-88. To the extent plaintiffs have attempted to raise such claims, they do so inadequately. ROA.926-28. The dismissal of those claims should therefore be affirmed.

Plaintiffs argue on appeal that a "simple statement that a plaintiff has a religious [belief] and that it conflicts with a work requirement is enough for the pleading stage of litigation." Br. 6. Even assuming that were true, plaintiffs have not cleared that low bar as to Orloff and Arzamendi. The complaint does not allege that Orloff objected to any of the non-vaccination mitigation measures on religious grounds or that he sought a

religious exemption from any of those measures. *See* ROA.543-44. The bare (and incorrect) assertion that masking and testing "were not required of employees who did not share Mr. Orloff's religious beliefs" does not establish that Orloff had religious objections to those measures. Br. 14-15 (quoting ROA.544). The same is true for Arzamendi. The complaint alleges only that she sought a religious exemption from the testing, masking, and distancing measures (ROA.541), not that she actually had religious objections to those requirements. The district court rightly dismissed Orloff and Arzamendi's challenges to the testing, masking, and distancing requirements, to the extent they were raised. ROA.926-28.

Stadler fares no better. The complaint alleges that she sought a religious exemption from the testing requirement and that she could not consent to the testing protocols because "they violated her religious beliefs." ROA.547. This sort of conclusory statement is not sufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are "not entitled to be assumed true"). Nor is this assertion consistent with Stadler's allegation elsewhere in the complaint that her religious objection is to "vaccinations, medications, or treatments that [her] body and immune system can fight off on their own." ROA.545. Because Stadler has not adequately alleged a religious objection to the testing requirement, any challenge she has brought to it should be dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

CHARLES W. SCARBOROUGH

*s/ Sarah Clark Griffin*
SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*
*sarah.c.griffin@usdoj.gov*

SEPTEMBER 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,686 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin